UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:10-CR-386-T-33TGW

JOSE MANUEL NARVAEZ-REINA

**NOTICE OF MAXIMUM PENALTY, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS ELEMENTS**

The essential elements for violations of Title 21, United States Code, Sections

959 and 963, as charged in Count One of the Indictment, are as follows:

First: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

Second: That the defendant knowingly and willfully joined in the conspiracy on one or more occasions.

The essential elements for violations of Title 46, United States Code,

Sections 70503 and 70506, as charged in Count Two of the Indictment, are as

follows:

First: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

Second: That the defendant knowingly and willfully joined in the conspiracy on one or more occasions.

Further, under Apprendi v. New Jersey, 530 U.S. 466 (2000), in order for a

maximum sentence of life to be applicable to Counts One and Two, the United

States must prove, beyond a reasonable doubt, that the offenses alleged in those

counts involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.

## PENALTIES

The offenses charged in Counts One and Two of the Indictment involve more than five (5) kilograms of cocaine, and, accordingly, carry a minimum mandatory sentence of ten (10) years and a maximum penalty of life, a fine of up to four (4) million dollars, a term of supervised release of at least five (5) years and a special assessment of one hundred dollars, for each Count, said special assessment to be due at the time of sentencing.

## FACTUAL BASIS

Beginning in approximately September 2005, an investigation was initiated into the cocaine smuggling activities of Narvaez-Reina. Through the course of this investigation, multiple cooperating witnesses ("CWs") identified Narvaez-Reina was responsible for the transportation of over fifty tons of cocaine per year from locations in Colombia, Ecuador and Mexico ultimately destined to the United States.

At least ten CWs have explained that the Narvaez-Reina DTO was led by Hader Narvaez-Reina. At least nine CWs also said that Jose Manuel Narvaez-Reina is the brother of Hader Narvaez-Reina, who is also one of the leaders of the Narvaez-Reina DTO.

CWs have identified Jose Manuel Narvaez-Reina being involved with at least five unsuccessful cocaine smuggling trips from Colombia and/or Ecuador to Mexico between September 2005 and October 2009, as well as numerous successful smuggling ventures, utilizing self-propelled semi-submersibles (SPSSs) vessels, fishing vessels (FVs), and stateless "go-fast" vessels (GFVs)

organized by members of the Narvaez-Reina DTO. Many CWs, who personally knew Jose Manuel Narvaez-Reina, approached him requesting jobs transporting cocaine. CWs stated Jose Manuel Narvaez-Reina actually loaded cocaine onto vessels and ordered the destruction of vessels detected by law enforcement officers. The CWs claimed only one of the leaders of a DTO can order the destruction of a transport vessel. The CWs stated that the highest level members of the Narvaez-Reina DTO are close family members who operate as partners during each drug smuggling venture. Information provided by the CWs confirmed the following interdictions as cocaine smuggling operations organized by the Narvaez-Reina DTO.

On September 13, 2005, the Ecuadorian flagged FV TOMMY was intercepted in the Eastern Pacific Ocean by the United States Coast Guard ("USCG"). The USCG seized 136 bales, approximately 3400 kilograms of cocaine, found in a large fish hold. Several crew members of both Colombian and Ecuadorian nationality were arrested and prosecuted in the Middle District of Florida. A cooperating witness identified Jose Manuel Narvaez-Reina and stated that the Narvaez-Reina DTO was responsible for this smuggling operation.

On March 1, 2008, a United States Naval vessel, the USS Simpson, while on patrol in the Eastern Pacific Ocean, identified a 45 foot SPSS approximately 390 nautical miles west of the Galapagos Islands in the eastern Pacific Ocean. Even though the SPSS was scuttled, information was obtained indicating the vessel was transporting approximately 4.5 tons of cocaine. Several Colombian crew members were arrested and prosecuted in the Middle District of Florida. Two CWs identified Jose Manuel Narvaez-Reina as a member of the Narvaez-Reina DTO responsible for this smuggling operation. These CWs also stated

Jose Manuel Narvaez-Reina was present at the launch site and loaded cocaine into the SPSS.

On June 16, 2008, a United States Naval vessel, the USS McInerney, dispatched a Maritime Patrol Aircraft (MPA) which located a SPSS 90 nautical miles northwest of the Colombia-Ecuador border.  Even though the SPSS was scuttled, information was obtained indicated the vessel was transporting approximately 4.5 tons of cocaine.  Several Colombian crew members were arrested and prosecuted in the Middle District of Florida.  These CWs identified Jose Manuel Narvaez-Reina as a member of the Narvaez-Reina organization responsible for this smuggling venture.

On January 15, 2009, the USCG Cutter Chase intercepted a SPSS in the Eastern Pacific Ocean.  A total of 6,272 kilograms of cocaine were seized and several Colombian nationals were arrested and prosecuted in the Middle District of Florida.  A CW identified Jose Manuel Narvaez-Reina and stated the Narvaez-Reina DTO was responsible for this smuggling operation.  The CW further stated Jose Manuel Narvaez-Reina was present at the launch site for this cocaine smuggling trip.

On October 21, 2009, the USCG Cutter Jarvis intercepted a SPSS in the Eastern Pacific Ocean.  A total of 4,230 kilograms of cocaine were seized and several Colombian nationals were arrested and prosecuted in the Middle District of Florida.   Three CWs identified Jose Manuel Narvaez-Reina and stated the Narvaez-Reina DTO was responsible for this drug smuggling operation.  These CWs explained Jose Manuel Narvaez-Reina was present at the launch site and loaded cocaine into the SPSS.

4

All the aforementioned vessels were determined to be either stateless, without nationality, or the nation in which the vessel was registered consented to United States prosecution. The crew members on board these interdicted vessels, and others, were indicted in the Middle District of Florida and entered the United States in the Middle District of Florida.

The defendant was arrested in Colombia and extradited to the United States, first arriving at a place in the Middle District of Florida.

        Respectfully submitted,

        ROBERT E. O'NEILL
        United States Attorney


By:   */s/Joseph K. Ruddy*
        JOSEPH K. RUDDY
        Assistant United States Attorney
        USA No. 037
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602
        Telephone: (813) 274-6338
        Facsimile: (813) 274-6125
        Email: joseph.ruddy@usdoj.gov

U.S. v. JOSE M. NARVAEZ-REINA        CASE NO. 8:10-CR-386-T-33TGW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Scott Kalisch, Esq.

*/s/Joseph K. Ruddy*
JOSEPH K. RUDDY
Assistant United States Attorney
USA No. 037
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:   (813) 274-6338
Facsimile:    (813) 274-6125
Email:         joseph.ruddy@usdoj.gov