UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

                       Case No. 8:10-CR-386-T-33TGW

-vs-                      6 December 2012
                             Tampa, Florida
                             10:00 a.m.

JOSE MANUEL NARVAEZ-REINA,

      Defendant.

--------------------------------/


TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE VIRGINIA M. HERNANDEZ-COVINGTON,
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Government:      JOSEPH RUDDY, ESQUIRE
                       Assistant United States Attorney
                       United States Attorney's Office
                       400 North Tampa Street, Suite 3200
                       Tampa, Florida 33602
                       (813) 274-6000


For the Defendant:       SCOTT KALISCH, ESQUIRE
                       Scott Kalisch, PA
                       228 Charlotte Street
                       St. Augustine, Florida 32084
                       (305) 669-0808


FOR THE PROBATION DEPT.: CYNTHIA GORNBEIN

Reported By:             PAUL K. SPANGLER, RPR,
                       Official Court Reporter
                       Certificates of Merit and
                        Proficiency, Notary Public
                       (813) 301-5898


STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION
BY ECLIPSE



```
1    (10:00 a.m.)    P R O C E E D I N G S

2              THE BAILIFF:  All rise.

3              (Pause.)

4              This Honorable Court is now in session, the

5    Honorable Virginia M. Hernandez-Covington presiding.  Please

6    be seated.

7              THE COURT:  All right, good morning, everybody.

8              We're here for the sentencing in United States

9    versus Jose Manuel Narvaez-Reina, it's case 10 criminal 386

10   dash T dash 33TGW.

11             And the first thing we'll do is swear in the

12   interpreter, Mr. Arenas.

13   Thereupon,

14                        RICARDO ARENAS,

15   the interpreter, having been duly sworn, interpreted as

16   follows:

17             THE INTERPRETER:  I do.

18             Ricardo Arenas, A-R-E-N-A-S.

19             Good morning, Your Honor.

20             THE COURT:  All right.  Thank you.

21             And would counsel please state their appearances.

22             Mr. Ruddy.

23             MR. RUDDY:  Good morning, Your Honor, Joseph Ruddy

24   for the Government.

25             THE COURT:  Good morning, Mr. Ruddy.
```

1            MR. KALISCH:  And good morning, Your Honor,

2     Scott Kalisch appearing on behalf of the defendant, who's

3     present in court.

4            THE COURT:  Okay, thank you, Mr. Kalisch.

5            And I also appreciate your Sentencing Memorandum,

6     and I have reviewed it, and thank you for filing that,

7     Mr. Kalisch.

8            MR. KALISCH:  Yes, ma'am.

9            THE COURT:  Were there any motions that the

10    Government filed today, or anything like that?

11            Okay.

12            MR. RUDDY:  No, Your Honor, there -- there are

13    none.

14            THE COURT:  Okay.

15            All right.  Jose Manuel Narvaez-Reina, on

16    July 12th, 2012 you entered a plea of guilty to Count Two of

17    the Indictment charging you with conspiracy to possess with

18    intent to distribute five kilograms or more of cocaine while

19    aboard a vessel subject to jurisdiction of the United States

20    in violation of Title 46 --

21            (Pause.)

22            -- thank you -- United States Code, Sections

23    70503(a) and 70506(a) and (b), and Title 21, United States

24    Code, 960(b)(1)(B)(2).

25            The Court has previously accepted your guilty plea

1  and has adjudged you guilty of that offense.

2      We have now reached the stage in the proceedings

3  where it is my duty to address several questions to you, and

4  your attorney, and the counsel for the Government.

5      Mr. Ruddy, have you had the opportunity to read

6  the Presentence Report?

7      MR. RUDDY:  Yes, Your Honor, I have.

8      THE COURT:  Do you have any objections as to

9  factual accuracy of the report?

10     MR. RUDDY:  No, Your Honor.

11     THE COURT:  Do you wish to make any objections to

12 the probation officer's application of the guidelines?

13     MR. RUDDY:  No, Your Honor.

14     THE COURT:  Thank you, Mr. Ruddy.

15     Mr. Kalisch, have you had the opportunity to read

16 and discuss with Mr. Narvaez the Presentence Report?

17     MR. KALISCH:  Yes, Your Honor.

18     THE COURT:  Do you have any objections as to the

19 factual accuracy of the report?

20     MR. KALISCH:  No, Your Honor.

21     THE COURT:  Do you wish to make any objections to

22 the probation officer's application of the guidelines?

23     MR. KALISCH:  No, Your Honor.

24     THE COURT:  Thank you, sir.

25     There being no objections to either the factual

1    statements or the application of the guidelines as contained

2    in the Presentence Report, the Court adopts those statements

3    and guideline applications as its findings of fact and

4    determines that the advisory guidelines are:

5        Total offense level 38, criminal history category

6    one, 235 to 293 months imprisonment, five years supervised

7    release, restitution is not applicable, $25,000 to

8    $10 million fine, and $100 special assessment.

9        Mr. Ruddy, do you know of any reason why this

10   Court should not now proceed with imposition of sentence?

11       MR. RUDDY:  I know of no reason why you could not

12   proceed, Your Honor.

13       THE COURT:  All right, thank you, Mr. Ruddy.

14       Do you wish to make a statement with respect to

15   what an appropriate sentence for this gentleman would be?

16       MR. RUDDY:  Yes, Your Honor.

17       Uh, in the defendant's, uh, memorandum, it does

18   talk about having been interviewed or debriefed by

19   investigating agents, and that is true, uh, and at this

20   point in time we are not prepared to make a motion, uh, to

21   the Court, but I anticipate that while I can't guarantee it,

22   there's a high probability that at some point in the future

23   that such a motion will be filed on the defendant's behalf,

24   no adverse information having been received to, uh, prevent

25   that.

1          He's done everything possible he could to

2    cooperate since he's arrived here.  Uh, the agents are

3    pleased with his efforts to cooperate.  It's just at this

4    time, uh, we're not in a position to make a motion.

5          THE COURT:  All right, very good, that's fine.

6    Thank -- thank you, Mr. Ruddy.

7          So at this juncture you would be agreeable to the

8    low end of the guidelines, that doesn't bother you?

9          MR. RUDDY:  It does not bother me, Your Honor.

10         THE COURT:  All right.  Thank you.

11         Mr. Kalisch, do you know of any reason why this

12   Court should not now proceed with imposition of sentence?

13         MR. KALISCH:  No, Your Honor.

14         I would like to address the Court just briefly --

15         THE COURT:  Of course.

16         MR. KALISCH:  -- on an issue that -- that I raised

17   in my memorandum.

18         THE COURT:  Yes, absolutely.

19         If you could come up to the podium.

20         This is your opportunity to make a statement or

21   present any information in mitigation of the sentence.

22         And Mr. Narvaez, you also have the right to

23   address the Court directly, you don't have to, but I wanted

24   to make certain that you understand that you have that

25   right.

1          Do you understand that, Mr. Narvaez?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Okay, very good.

4          And I'll come back to you in a moment to see if

5   you would like to say anything before I pronounce sentence.

6          All right, I'm happy to hear you now, Mr. Kalisch.

7          MR. KALISCH:  Your Honor, yes, just very briefly.

8          Uh, I know that it is unusual to ask for a

9   variance in cases of this nature, uh, the -- the crime is

10  serious, however this is a particular defendant that I think

11  is -- is outside the heartland of the usual defendants.

12          His experiences are -- are unique.  And those

13  experiences I -- I believe are germane to the issue of

14  whether or not he is going to go out and commit further

15  crimes, and that's -- that's one of the elements that has to

16  be considered under Booker.

17          THE COURT:  Are you -- are you talking about in

18  particular the incident where he relates that the three

19  brothers and their drivers were kidnapped and tortured?

20          MR. KALISCH:  Yes, Your Honor, that -- that --

21  that hit home.

22          Uh, he, uh, was very close to being included in

23  that group and managed to escape just by -- miraculously

24  escape, but not entirely, because after that occurred -- and

25  I didn't put this in my motion -- he was obliged to travel

1  around in a car with one of these individuals, and he was

2  obliged to turn over properties that belonged to his

3  brothers.

4         And, uh, after virtually concluding that -- that

5  effort, he -- he was asked to -- to turn over the final

6  property.  He -- he refused to do that, and I think he was

7  under the impression that if he had done that, he would have

8  probably been, uh, murdered also.

9         So he -- he then went into hiding.  Uh, the

10  organization, of course, was disbanded, it didn't exist

11  anymore once the -- once the chief, uh, proponents of that

12  organization were disposed of.

13         So, the likelihood of his going back into this

14  life of crime is -- is minimal.  He doesn't have the

15  wherewithal to do it, the people that he worked with are no

16  longer around.

17         And on that basis, Your Honor, and because he --

18  he -- he's had to endure this experience, well beyond the

19  experience of the normal defendant, uh, has caused him

20  enormous amounts of grief, mental anguish, he's never been

21  able to find his brothers, his brothers have been, uh -- I

22  don't know what they do down it Colombia, but they've never

23  been found, they've never been buried, it's been very hard

24  on him.

25         He has a family, he has a wife, small children,

1    uh, he's the only remaining brother.  I think there may be

2    another brother, I -- I may be mistaken, but I think there

3    may be another brother, but he's really the only remaining

4    brother.

5            So he comes to court in a -- in a unique position,

6    a defendant that has had to endure more than the normal

7    suffering.  And for that reason, Your Honor, and to the

8    extent that that would impact on his -- the likelihood of

9    his going back out there and doing this, I think the Court

10   can consider that event insofar as it relates to, uh, the

11   probabilities of his going back out and doing -- doing

12   this -- this activity again.

13           And so for that reason I think it's legitimate

14   under Booker to say -- to ask the Court to consider whether

15   a -- a variance down from the bottom of the guidelines would

16   be appropriate, and I'm asking the Court, of course, to

17   consider that.

18           THE COURT:  I -- I certainly recognize that he

19   went through a -- a rough traumatic time, but it was of his

20   own doing.  And for me to grant a variance to somebody who's

21   being held responsible -- is it 50,000 pounds?

22           Did I read that correctly?  50,000 pounds --

23           MR. RUDDY:  Kilos.

24           THE COURT:  Kilos.  Excuse me.  50,000 kilos.

25   That's a tremendous amount of cocaine.  I -- I'm not willing

1    to do that.

2         I mean, I certainly understand your argument,

3    Mr. Kalisch, and there will be an opportunity down the road

4    for his sentence to be reduced.  I have just been, you know,

5    inundated with so many continuances of sentencings that I --

6    I drew the line and I said, you know what, I'm just not

7    going to do these anymore, they can go back on a Rule 35.

8         And that's why I didn't do it for -- yours was one

9    of the first where I had just reached my limit on all these

10   continuous motions, uh, for continuances and -- but I will

11   certainly, you know, give him his day in it court with that

12   Rule 35.

13        And Mr. Ruddy, I think, appears ready, willing and

14   able to file it at the appropriate time, right?

15        MR. RUDDY:  That's correct, Judge.

16        THE COURT:  And you know, if Mr. -- whatever

17   Mr. Ruddy asks for, if you think that a greater amount is in

18   order, then you can certainly -- I will give you the

19   opportunity to reply to that and to make your -- your case

20   to me.

21        And I know that I'm not bound by what the

22   Government asks.  If the Government asks for, you know, an

23   eight-level reduction, and I think a 10-level reduction is

24   appropriate, I know I have the authority to do that.

25        I normally give great deference to the Government.

```
 1    I'll tell you, it's -- it's unusual for me to disagree, I

 2    have maybe one or two times disagreed with them, but I do

 3    give them great deference, and I think it's in their best

 4    interest to treat your client fairly if they want other

 5    people to continue to cooperate.

 6              So --

 7              MR. KALISCH:  I appreciate that, Your Honor.

 8         Thank you very much.

 9              THE COURT:  You know, and I think, you know,

10    Mr. Ruddy's obviously extremely experienced in these cases,

11    I think he would treat your client --

12              MR. KALISCH:  Oh, I'm sure he would, Your Honor.

13              THE COURT:  -- fairly.

14              MR. KALISCH:  I'm sure.

15              THE COURT:  And that he would take into

16    consideration any other facts that need to be considered in

17    terms of what a fair sentence is.

18              But for me to give a variance because of these

19    other tragedies that he's had to deal with, I'm -- I'm very

20    disinclined to do that, so --

21              MR. KALISCH:  Very well, Your Honor.  I appreciate

22    it.

23         Thank you very much.

24              THE COURT:  All right.

25              All right, Mr. Kalisch, thank you.
```

1           Anything else you would like to say?  Because

2    otherwise I -- I will ask him, because I'm -- I'm required

3    to do that, I'll ask your client one last time, otherwise I

4    will sentence him to the bottom of the guidelines at 235

5    months.

6           I just don't want him to -- you know, having

7    spoken to other defense counsel in other cases, I just don't

8    want him to get discouraged, I want him to recognize that

9    the Government is, uh, evaluating filing a Rule 35 motion

10   for what I think would be a substantial reduction --

11           MR. KALISCH:  Thank you.

12           THE COURT:  -- in sentence, assuming that that

13   cooperation continues to be forthcoming.

14           MR. KALISCH:  And it will, Your Honor.  It will.

15           THE COURT:  All right, so --

16           MR. KALISCH:  He may have a few things he wants to

17   say to the --

18           THE COURT:  Okay, very good.

19           Anything else from you directly, Mr. Kalisch --

20           MR. KALISCH:  No, Your Honor.

21           THE COURT:  -- before I turn to Mr. Narvaez?

22           All right, thank you, Mr. Kalisch.

23           And again, I appreciate your memo.  I did spend

24   time reviewing it earlier.  And I appreciate your taking the

25   time to have filed that.

1           MR. KALISCH:  Thank you, Your Honor.

2           THE COURT:  All right, Mr. Narvaez, is there

3    anything that you would like to say before I pronounce

4    sentence?

5           THE DEFENDANT:  Well, yes.

6           THE COURT:  Go ahead.

7           You can speak -- you can stay seated.  Speak into

8    the mic -- microphone, because I can understand you, but the

9    court interpreter will also translate this into English.

10          Go ahead.

11          (Pause.)

12          Okay.

13          Hold on, Mr. Arenas.  That's a lot for him to

14   translate.  Let him do it step by step.

15          Go ahead, Mr. Arenas, translate that.

16          Then you can continue, Mr. Narvaez.

17          THE DEFENDANT:  First all I would like to

18   apologize to all.  I, uh -- it was never my intention to

19   cause any harm to anybody, and much less to the

20   United States.

21          I helped my brother and that brought upon me a

22   very big tragedy.  Uh, my life is lived under the feeling

23   of -- of being traumatized, and I ask for your

24   consideration.

25          Uh, I have no protection, my children are alone,

1    and I regret having helped my brother.

2            What I would like to ask is that, with your help,

3    we may be able to find the remains of my brother and give

4    him, uh, a decent burial.

5            THE COURT:  All right.

6            You may continue Mr. Narvaez.

7            THE DEFENDANT:  Because the people that did that

8    are here, and it would be possible to ask them to inform

9    where his remains are so that he can be buried.

10           THE COURT:  All right, that -- that is something

11   that maybe the law enforcement agency, DEA or -- could help

12   you with.  It's not something that I could specifically help

13   you with, Mr. Narvaez, but maybe the law enforcement

14   community can do something for you on that by interviewing

15   those individuals.

16           I -- I -- I don't know if that's possible or not.

17   Sometimes it is, sometimes it isn't, but that's something,

18   Mr. Ruddy, if you think that that's appropriate --

19           MR. RUDDY:  We'll make that effort, Your Honor.

20           THE COURT:  All right.

21           THE DEFENDANT:  I thank you very much.

22           THE COURT:  All right.

23           Anything else, Mr. Narvaez, before I pronounce

24   sentence?

25           (Pause.)

1      THE DEFENDANT:  I ask that you place your hand on

2   your heart and have consideration for me, I'm already 50

3   years old and I did this because of my need.

4      And I believe that with the deaths of my brothers,

5   my nephew and three friends, I believe that we have already

6   paid for this problem.

7      THE COURT:  All right.

8      THE DEFENDANT:  A portion of this problem.

9      I thank you, and may God bless you.

10      THE COURT:  All right, thank you, Mr. Narvaez.

11      And again, I'm going to sentence you to the bottom

12   of the guidelines in just a few moments, but I don't want

13   you to, uh, be discouraged by that sentence, which is a

14   lengthy sentence.  You will get a reduction of sentence upon

15   the Government filing a motion down the road, a Rule 35

16   motion.

17      Your lawyer will have the opportunity to respond,

18   and, you know, if you would like a hearing down the road,

19   I'm certainly happy to have a hearing, or just do it on

20   the -- on the papers and reduce the sentence.  All right?

21      Would you explain that to him, Mr. Arenas.

22      THE DEFENDANT:  Yes, I understand.

23      THE COURT:  Okay.

24      THE DEFENDANT:  I have been cooperating, and I am

25   willing to continue to do so.

1          THE COURT:  All right, very good.

2          THE DEFENDANT:  Thank you.

3          THE COURT:  All right, thank you.

4          Anything else before I pronounce sentence from

5  anybody, including Ms. Gornbein?

6          I neglected to talk to you earlier.  Anything else

7  to add?

8          THE PROBATION OFFICER:  No, Your Honor.

9          THE COURT:  Okay, thank you.

10         Mr. Ruddy, anything else?

11         MR. RUDDY:  Nothing further, Your Honor, thank

12  you.

13         THE COURT:  All right.

14         Mr. Kalisch?

15         MR. KALISCH:  No, Your Honor.

16         THE COURT:  All right.

17         The Court has asked the defendant why judgment

18  should not now be pronounced, and after hearing the

19  defendant's response, the Court has found no cause to the

20  contrary.

21         The parties have made statements in their behalf,

22  or have waived the opportunity to do so, and the Court has

23  reviewed the Presentence Report and the advisory guidelines.

24         Pursuant to Title 18, United States Code, Sections

25  3551 and 3553, and the Sentencing Reform Act of 1984, it is

1    the judgment of the Court that the defendant,

2    Jose Manuel Narvaez-Reina, is hereby committed to the

3    custody of the Bureau of Prisons to be imprisoned for a term

4    of 235 months.  It's 19 years and seven months.

5            Upon release from imprisonment the defendant shall

6    serve a five-year term of supervised release.

7            While on supervised release the defendant shall

8    comply with the standard conditions adopted by the Court in

9    the Middle District of Florida.

10           In addition, the defendant shall comply with the

11   following special conditions:

12           If the defendant is deported, he shall not

13   re-enter the United States without the express permission of

14   the appropriate governmental authority.

15           The defendant having been convicted of a

16   qualifying felony shall cooperate in the collection of DNA

17   as directed by the probation officer.

18           The mandatory drug testing requirements of the

19   Violent Crime Control Act are imposed.

20           The Court orders the defendant to submit to random

21   drug testing not to exceed 104 tests per year.

22           Based on the financial status of the defendant,

23   the Court waives imposition of a fine.

24           It is further ordered that the defendant shall pay

25   to the United States a special assessment of $100, which

1    shall be due immediately.

2          After considering the Advisory Sentencing

3    Guidelines, and all of the factors identified in Title 18,

4    United States Code, Sections 3553(a)(1) through (7), the

5    Court finds the sentence imposed is sufficient but not

6    greater than necessary to comply with the statutory purposes

7    of sentencing.

8          The Court has accepted the plea agreement because

9    it is satisfied that the agreement adequately reflects the

10   seriousness of the actual offense behavior, and that

11   accepting the plea agreement will not undermine the

12   statutory purposes of sentencing.

13          Under the plea agreement the defendant has entered

14   a guilty plea to Count Two in return for the dismissal of

15   Count One.

16          In accordance with the plea agreement, it is

17   ordered that Count One of the Indictment be dismissed.

18          Is that correct, Mr. Ruddy?

19          MR. RUDDY:  That is correct, Your Honor, we so

20   move.

21          THE COURT:  All right, I've done that.  Thank you.

22          The Court having pronounced sentence, does counsel

23   for the defendant or Government have any objections to the

24   sentence or to the manner in which the Court pronounced

25   sentence, other than those previously stated for record?

```
 1              Mr. Ruddy?

 2              MR. RUDDY:  No, Your Honor, no objections,

 3    Your Honor.

 4              THE COURT:  All right.

 5              Mr. Kalisch?

 6              MR. KALISCH:  No, Your Honor.

 7              THE COURT:  All right.

 8              The defendant is remanded to the custody of the

 9    United States Marshal to await designation by the

10    Bureau of Prisons.

11              Where would he like to be housed, Mr. Kalisch?

12              MR. KALISCH:  Your Honor, if Your Honor would

13    recommend Coleman.

14              THE COURT:  Okay, I recommend that he be housed in

15    Coleman.

16              Anything else -- as I understand, even though

17    people are going to be deported they have opened up some of

18    these training programs to individuals that they didn't open

19    them up to before, is there any kind of like language

20    training he might want, maybe English as a second language,

21    or anything at all that he might like training in?

22              (Pause.)

23              MR. KALISCH:  He says he wants to learn English,

24    and work.

25              THE COURT:  Okay.
```

1          Well, I think it's Unicor, if that's still what

2     it's called, Unicor is there and, uh, I'll certainly

3     recommend that he be able to work so that he could earn some

4     money.

5          And I recommend that he enroll in English as a

6     second language, and any other programs that the

7     Bureau of Prisons believes that he would benefit from.

8          In your plea agreement, paragraph B5 --

9          MR. KALISCH:  Your Honor, if I may just --

10         THE COURT:  Yes, sir.

11         MR. KALISCH:  I think he indicated he wants to

12    study refrigeration.

13         THE COURT:  Refrigeration?

14         MR. KALISCH:  Yes.

15         THE COURT:  Okay, very good.

16         I recommend that he receive training in

17    refrigeration.

18         Okay.  In your plea agreement, paragraph B5, you

19    waived and gave up your right to appeal either directly or

20    collaterally unless one of four things happened:  A sentence

21    in excess of the applicable guideline range as determined by

22    the Court, a sentence above the statutory maximum, a

23    sentence in violation of the Eighth Amendment to the

24    Constitution, or if the Government exercises its right to

25    appeal the sentence imposed.

1        As far as the Court is concerned none of these

2   have taken place, so you have no right to appeal.  However,

3   under the law I am obligated to tell you of certain time

4   limits with respect to taking an appeal.

5        A defendant in a criminal case must appeal from

6   the judgment and sentence within 14 days from this date.

7   Failure to appeal within the 14-day period is another ground

8   for a waiver of your right to appeal.

9        The Government may file an appeal from this

10  sentence.

11       You are also advised that you are entitled to

12  assistance counsel if you try to take an appeal, and if you

13  are unable to afford a lawyer, one will be provided for.

14       All right.  Mr. Ruddy, if and when you file that

15  Rule 35, could you please consult with Mr. Kalisch so that

16  he knows if it's not what he wants, you need to file a

17  response to it -- or at least let me know that you're going

18  to be filing a response, otherwise I tend to just grant

19  them.

20       So --

21       MR. RUDDY:  Instead of just calling a hearing and

22  bringing him in?

23       THE COURT:  If -- if we want to have a hearing,

24  absolutely, I am -- I am happy to do that.  Just -- just let

25  me know.

1             I mean, if you do reach an agreement --

2             MR. RUDDY:  Right.

3             THE COURT:  -- and if you both agree, let's just

4    say an eight-level reduction, just to throw a number out

5    there --

6             MR. RUDDY:  Right.

7             THE COURT:  Just let me know in the motion.

8    There's no need for a hearing or anything like that.

9             MR. RUDDY:  Very good.

10            THE COURT:  On the other hand, if it's different

11   than what Mr. Kalisch thinks he ought to be given, or if

12   there are additional matters I need to consider, then I

13   would appreciate your letting me know, Mr. Ruddy.

14            I mean, I -- it's only now that I've started

15   denying these requests for continuances -- I'm sorry,

16   Mr. Kalisch, you had the misfortune of being the first one,

17   but it came on the heels of about five of these, and I said

18   that's it, enough is enough.

19            So I've just started doing this.  But I want

20   people to have their day in court.  I know how important it

21   is.  But I still need to move my cases along.  So I'm trying

22   to reach a -- a happy medium here.  Maybe this isn't the

23   way, maybe there's another way, but this is way I'm doing it

24   for now.

25            So -- okay.

1              MR. RUDDY:  Very good.

2              Thank you, Your Honor.

3              THE COURT:  All right.  Thank you to all of you.

4     I appreciate it.

5              MR. KALISCH:  Thank you.

6              THE BAILIFF:  All rise.

7              (Thereupon, the hearing was concluded at

8     10:25 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STATE OF FLORIDA            )

COUNTY OF HILLSBOROUGH      )




          I, PAUL K. SPANGLER, Official Court Reporter for

the United States District Court, Middle District, Tampa

Division,

          DO HEREBY CERTIFY, that I was authorized to and

did, through use of Computer Aided Transcription, report

in shorthand the proceedings and evidence in the

above-styled cause, as stated in the caption hereto, and

that the foregoing pages numbered 1 to 25, inclusive,

constitute a true and correct transcription of my

shorthand report of said proceedings and evidence.

          IN WITNESS WHEREOF I have hereunto set my hand

in the City of Tampa, County of Hillsborough, State of

Florida, this 6th day of December, 2012.


          S/PAUL K. SPANGLER
          _____
          PAUL K. SPANGLER, Official Court Reporter