UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:10-cr-386-T-33TGW

JOSE MANUEL NARVAEZ-REINA

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Jose Manuel Narvaez-Reina's pro se Motion for Compassionate Release (Doc. # 61), filed on April 27, 2020. The United States of America responded to the Motion on May 14, 2020. (Doc. # 64). For the reasons that follow, the Motion is denied without prejudice.

**I.   Background**

After Narvaez-Reina pled guilty, the Court sentenced Narvaez-Reina on December 6, 2012, to 235 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and 70506(b); and 21 U.S.C. §§ 960(b)(1)(B)(ii). (Doc. ## 35, 39).

In his Motion, Narvaez-Reina seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic, his age, and his cooperation with the Government in other matters. (Doc. # 61). In addition, Narvaez-Reina states in his Motion that he is incarcerated at a facility where seven other inmates have become infected with COVID-19 and the medical staff is ill-equipped to manage the spread of the virus. (Id.). The United States responded on May 14, 2020 (Doc. # 64), and the Motion is ripe for review.

## II. Discussion

The United States argues that the Motion for Compassionate Release should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. (Doc. # 64). Because the Court agrees that Narvaez-Reina has failed to exhaust his administrative remedies, the Court need not address the merits of the Motion.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Narvaez-Reina argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all**

> **administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Narvaez-Reina does not allege that he has exhausted his administrative remedies. Nor has he provided documentation showing that he has made any request to the warden of his facility for compassionate release or appealed the denial of a request for compassionate release with the Bureau of Prisons.

Thus, Narvaez-Reina has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

Therefore, Narvaez-Reina's Motion for Compassionate Release must be denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(denying motion for release to home confinement due to COVID-19 and explaining that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly,

4

the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

While Narvaez-Reina's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is hereby

**ORDERED**, **ADJUDGED,** and **DECREED:**

Defendant Jose Manuel Narvaez-Reina's pro se Motion for Compassionate Release (Doc. # 61) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of May, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE