IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF FLORIDA

(TAMPA DIVISION)

JOSE MANUEL NARVAEZ-REINA

Petitioner,

v.                               Case No. 8:10-cr-00386-VMC-TGW

(Honor. Virginia M. Hernandez Covington)

UNITED STATES OF AMERICA

Respondent.

PETITIONER'S MOTION PURSUANT TO 18 U.S.C.§3582(c)(2) BASED ON THE NEW SENTENCING GUIDELINE DOWNWARD ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS
(AMENDMENT 821 U.S.S.C.)

NOW COMES PETITIONER, JOSE MANUEL NARVAEZ-REINA, Pro-Se and respectfully asks this Court to apply a two-level reduction to Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2), and based on the unanimously-voted U.S. Sentencing Commission New Amendment 4C1.1 "Adjustment for Certain Zero-Points Offenders", adjust Petitioner's sentence to.

1

Petitioner prays that this Motion be liberally construed and held to a standard "less stringent than those drafted by Attorneys." <u>Haines v. Kerner</u>, 404 U.S. 519,520 (SCOTUS 1972); See also <u>Ayala Serrano v. Gonzalez</u>, 909 F.2d 8,15(1st Cir.)1991). According to Rule 56(a) of the Federal Rules of Civil Procedures, a Movant may move for any claim if he shows that there is no general dispute as to any material fact and that he is entitled to judgement as a matter of law.

## BACKGROUND AND FACTS

Petitioner is currently incarcerated at Pinellas County Jail at Clearwater, FL 33762 in a Court Writ. Petitioner is serving a 235 months' term of incarceration with the US Bureau of Prisons, Petitioner has been incarcerated since July 29,2011 with a tentative release date of April 5,2027 (Via GCT Accreditation). Petitioner has an intense Supervised Release Period of 60 months.

Petitioner was convicted of one count (Count 2 of the Indictment), Title 46 Section 70503(a), 70506(a) and (b), and 21:960(b)(1)(B)(II) Conspiracy to Possess with Intent to Distribute Five Kilograms or more of Cocaine while aboard a Vessel Subject to the United States Jurisdiction, knowing it was unlawfully imported into the United States.

Petitioner original TOTAL OFFENSE LEVEL was 38, with a Criminal History Category of I, 235 to 293 months.

The District Court makes two determinations when deciding whether or not to modify a sentence under 18 U.S.C. § 3582(c) (2). Under the First Step

Act, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Petitioner was sentenced (U.S.S.G. 1B1.10(b)), leaving untouched all other previous factual decisions concerning particularized sentencing factors. See *United States v. Wyatt*, 115 F.3d 606, 609, (8th Cir, 1997). Such factors include, inter alia, role in the offense, obstruction of justice, victim's adjustment, more than minimal planning, and the acceptance of responsibility.

In this particular case, recalculation of Petitioner's TOTAL OFFENSE LEVEL under the Present Amendment 821 amended guidelines would result in a NEW TOTAL OFFENSE LEVEL of 36 (188-235 months). Otherwise, recalculation would not result in any change to Petitioner's Criminal History Category, and therefore, Category I remains applicable. These factors would result in any Guideline Sentencing Range of 188 to 235 months, as opposed to the previous Guideline Sentencing Range of 235- 293 to 235 months' sentence.

Petitioner respectfully asks this Honorable Court to impose a new sentence at the <u>low end</u> of the new Guideline Range,188 months, as the Court found the <u>low end</u> as previously appropriate and in the interest of justice post-sentencing comportment.

## DISCUSSION

On April 27th, 2023, the U.S. Sentencing Commission ("U.S.S.C.") Submitted a series of guidelines Amendments to Congress for consideration. If Congress does not act to veto the Amendments – which there has never been a prior veto by Congress to an unanimously-voted Amendment presented by the U.S.S.C. – they did become effective on November 1, 2023.

As expressly stated in these Amendments to the Sentencing guidelines, the "new 4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three of offenders who did not received any criminal history points under Chapter 4, Part A and whose instant offense did not involve specified aggravated factors." Below is the description of this new Amendment:

### 4C1.1 Adjustment for Certain Zero-Point Offenders

(a) Adjustment—If the defendant meets all of the following criteria:

(1) The defendant did not receive any criminal history points for Chapter Four, Part A;

(2) The defendant did not receive any adjustment under 3 A1.4 (Terrorism);

(3) The Defendant did not use violence or credible threats of violence in connection with the offense;

(4) The Offense did not result in death or serious bodily injury;

(5) The instant offense of conviction is not a sex offense;

(6) The defendant did not personally cause substantial financial hard ship;

(7) The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapons (or induce another participant to do so) in connection with the offense;

(8) The instant offense of conviction is not covered by 2H1.1 (offense Involving Human Rights);

(9) The defendant did not receive an adjustment under 3 A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3 A1.5(Serious Human Rights Offense); and

(10) The defendant did not receive an adjustment under 3B1.1 (Aggravating Role) and was not engaged in a Continuing Criminal Enterprise, as defined in 21 U.S.C. §848;

Decrease the offense level determined under Chapter Two and Three by 2 levels.

Having established the applicable Amendment Guideline Range as above explained, the Court next considers all factors contained in 18 U.S.C. 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. *Wyatt*, 115 F3d at 609; 18 U.S.C. § 3582 (c) (2). The Factors set forth in 3553(a) are the followings: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentence available at that time; 4) the applicable sentencing range under the guidelines at time of sentencing; 5) any pertinent Sentencing Commission Policy Statement; 6) the need to avoid unwarranted sentencing disparities among defendants; 7) the need to provide restitution to victims, 18 U.S.C. § 3553(a) Put more succinctly, the statute requires the sentence imposed to be minimal sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

Furthermore, pursuant to the ruling of the United States Supreme Court in <u>Pepper v. United States,</u> S. Ct. No. 09-6822, and in conjunction with 18 U.S.C: § 3553(a) factors that Congress has instructed: evidence of post-sentencing rehabilitation may be highly relevant to several of the §3553(a) factors that Congress has expressly instructed to consider at sentencing or re-sentencing.

### The § 3553(a) Factors Weigh Strongly in Favor of Relief.

In the event this Court deems Petitioner eligible for relief, he respectfully contends that a sentence reduction is warranted, despite the serious nature of his offense. Petitioner does not dispute that, at the time of his original sentencing, he was involved in an expansive conspiracy to cocaine trafficking, Petitioner accepts responsibility for his actions and the harm caused by those actions. He comes before this court as a different man than the one who committed those crimes more than 13 years ago. Petitioner respectfully contends that the lengthy sentence he has already served has fulfilled the goals of sentencing set forth in 18 U.S.C. § 3553(a) and that his continued incarceration serves only the single goal of continued punishment.

The § 3553(a) factors weigh in favor of Petitioner reduction in his sentence. In doing its § 3553(a) analysis, the court can consider post-offense developments, including Petitioner's significant rehabilitation, the lengthy sentence he has already served, his age, and his remorse and contrition. <u>Pepper v. United States,</u> 562 U.S. 4/6 (2011). As the Supreme Court explain in <u>Pepper,</u> "evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors. For example, evidence of post sentencing rehabilitation may plainly be relevant to the 'the history and characteristics

6

of the Defendant'. Such evidence may also be pertinent to the 'need for the sentence imposed' to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the Defendant,' ......" 562 U.S. at 491. "in assessing ... deterrence, protection of the public and rehabilitation, there would seems to be no better evidence than a defendant's post-incarceration conduct." Id. Post-sentencing rehabilitation may also "critically inform a sentencing judge's overreaching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary.' "Pepper, 562 U.S. at 491. Following this Supreme Court guidance, this Court should give great weight to how Petitioner has conducted himself over the past 12 years.

The application of the factors set forth in § 3553(a) to Petitioner's sentence show that Petitioner warrants a reduction in his sentence.

### A 188 Months Sentence Accurately Reflects the Nature and Circumstances of Petitioner's Offense.

Petitioner does not dispute that he engaged in a serious criminal conduct and that his offense constituted a serious violation of the law. Certainly drug trafficking is a serious offense. Petitioner plead guilty to conspiring with others to commit those crimes. Petitioner's record in the BOP, his extensive efforts at rehabilitation while incarcerated and the length of sentence he has already served accurately reflects the nature and circumstances of the offense.

### A 188 Months Sentence Accurately Reflects Petitioner's Up-to-Date History and Characteristics.

Petitioner's history and characteristics today are different than when he was arrested in 2012. The troubled person who plead guilty all those years

ago is virtually unrecognizable to Petitioner now. Petitioner cannot undo the mistakes and choices that he made when he was 48 years' old. But, Petitioner has devoting his life in prison to improving himself so that he can lead a better life and make better choices whenever he is once again free. At 61 years of age, he is in the second part of his life, more mature and more determined than he was when he last stood before the Court. Petitioner has worked, educated himself, and completed numerous educational and vocational courses gaining valuable skills. His prison record reflects a careful and conscientious person who is ready to rejoin society, and someone who is remorseful for, and long ago accepted responsibility for his wrongful conduct. Most importantly, Petitioner has served what is, overall, a significantly punitive and meaningful prison term. The equivalent of 13 years, with good time credit.

It is preternaturally clear that Petitioner is a changed human being. Human beings are always more than the worst thing that they have done. Petitioner's record of nearly one decade shows that. Petitioner has continued to demonstrate his total rehabilitation through his conduct in custody, his relationship with his family in Colombia, and his educational and work efforts; Petitioner has worked steadily and productively while in custody, he has completed various courses and acquired other practical skills, Petitioner has taken many hours of educational programming See Attachments. This is remarkable record of post-sentencing rehabilitation. It is difficult to imagine how a person could better demonstrate that he no longer needs to be in prison and is not a danger to society. Simply put, Petitioner is no longer the man Judge Virginia M. Hernandez Covington sentenced nearly 12 years ago. By all accounts, he is elder, mature and reflective – someone who has managed to

8

remain positive and forward-looking, and is fully rehabilitated, notwithstanding having to live under circumstances that would break most people.

Petitioner Bureau of Prison Documents (Program Review) which details the extensive listing of Petitioner's Educational Programming, in order to demonstrate to this Honorable Court Petitioner's exemplary post sentencing comportment and rehabilitation. As indicative within Unit Team's "Program Review", Petitioner has conducted himself with Bureau Staff and other Inmates, not only in an exemplary manner, but with absolutely "…. no disciplinary history in the last 6 months" and good behavior in general throughout his nearly 13 years of incarceration.

In fact, and as demonstrative of Petitioner's post-sentencing rehabilitative behavior, Petitioner presents to this Honorable Court his BOP Educational Skills Development Programming that Petitioner has completed voluntarily, and with the individual goal to better prepare Petitioner for imminent release.

Petitioner would like to impress upon the Court, Petitioner's strong intent to better himself in order to be a productive member of his community upon release. At the time of his arrest, Petitioner was 48 years of age, with limited skills and not educational background, now Petitioner is 61 years old and fully understood the mistake he committed with his life, therefore Petitioner has been making the effort to get prepare for his release to be a better human being and not make the same bad judgment which initially brought Petitioner to the jurisdiction of this Honorable Court.

9

Accordingly, Petitioner prays that this Honorable Court takes into consideration his strong post-sentencing rehabilitation as the most accurate indicator of "his present purposes and tendencies to change and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed on him". (*Ashe*, 302 U.S. at 55) as such, Petitioner respectfully request that this Honorable Court GRANTS the rehabilitative sentence of 188 months as the most appropriate.

As it may be reviewed by this Honorable Court, Petitioner clearly meets all the criteria described above, making him eligible for a two-level reduction of his sentence.

Notably, reduction in terms of imprisonment as a result of an Amended Guideline Range shall be consistent with U.S. Sentencing Guideline Policy Statement 1B1.10, including subsection (d) "Covered Amendments". It is important to note that on July,2023, the U.S. Sentencing Commission voted in favor of the new 4C1.1 Amendment to become retroactive and include all eligible prisoners currently held in federal custody.

In addition, 1B1.10 Commentary Application Notes (1)(B)(iii) calls for a review of Post-Sentencing Conduct. Petitioner has actively and consciously participated in and complete multiple Evidence-Based Recidivism Reduction Programs and BOP's designed Programs Courses, which have deeply and positively impacted Petitioner's rehabilitation. Furthermore, as per the FSA Risk and Needs Assessment (PATTERN) report—which analyzes prisoner's likelihood of recidivating – Petitioner is currently categorized as a <u>LOW</u> Recidivism Level.

Also, and not of less importance, Petitioner has not only been incarcerated during the entire Covid-19 Pandemic lockdown with several consecutive months in solitary confinement, which has been extremely harsh, inhumane, and morally devastating (which is an 18 U.S.C.§3553(a) Factor). Additionally, due to a detainer lodged by ICE, Petitioner would be denied of at least 9 months of beneficial incarceration at a Residential Reentry Center.

Lastly, although this new downward adjustment did not become effective until November 1,2023, Petitioner humbly ask this Honorable Court to consider the 2 level reduction prior to the effective date in light of U.S. v. McMillan, 863 F.3d 1053, 1058 (8th Cir.2017) ("Although District Courts are required to apply the guidelines in effect on the date of sentencing, they may consider pending amendments to the guidelines"); U.S. v. Ruiz-Apolinio, 657 F.3d 907 (9th Cir, 2011) ("A sentencing Court, of course, has the discretion to grant a variance from the Guidelines after promulgation but before the adoption of a proposed amendment"); U.S. v. Luis-Guizar, 656 F.3d 567 (7th Cir.2011) ("the Court should have considered the pending amendment"); US v. Frierson, 308 Fed. Appx. 298, 302-303(10th Cir.2007) (defendant given downward departure of 15 months in light of a pending amendment to Guidelines).

## CONCLUSION

Based on the facts of the matter established herein, Petitioner, respectfully and humbly request this Honorable Court to GRANT this Motion, reduce his sentence from its initial level 38 of 235 months to level 36 of 188 Months.

As a reduction pursuant to 18 U.S.C. §3582(c)(2). It is also requested that the Court Appoint CJA Counsel to represent Petitioner if necessary.

Petitioner, (Defendant), from the time of filing this Motion, to his current release date of April 5,2027 has approximately 38 Months left of his sentence to serve, which is less than the expected 2 levels reduction of 47 Months in light of this new Amendment. Therefore, Petitioner prays this Honorable Court GRANTS this Motion. It is important also to note that after his release, Petitioner still needs to be transferred to an ICE facility to process his deportation this usually in normal procedure takes from 30 to 90 days.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 18 U.S.C. §1746.

Executed this 17th day of January,2024.

_/s/_

Register No.56605-018

## CERTIFICATE OF SERVICE

I, JOSE MANUEL NARVAEZ-REINA, HEREBY CERTIFY, that a true and correct copy of the foregoing was placed in the Pinellas County, Jail legal mail-box, with proper first- class postage affixed, addressed to the office of the U.S. Attorney's at 400 N Tampa St. Tampa, FL 33602 at on this 17th of January, 2023.

Respectfully Submitted,

*[signature]*

JOSE MANUEL NARVAEZ-REINA
Register No.56605-018
Pinellas County Jail
14400 49th Street North
Clearwater, FL 33762

LEGAL MAIL — PRIVILEGED MAIL

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)
Sam M. Gibbon Courthouse
801 North Florida Avenue
Tampa, FL 33602